Opinion of the Court.
Hornblower, C. J.
It appears by the papers sent up in this cause, that a dispute existed between the parties, in relation to a claim of dower: that for the settlement thereof, they submitted the matter in difference to arbitrators; each party entering into bond to the other, to perform such award as should be made in the premises: that on the 23d October, 1826, the arbitrators made and delivered an award under their hands and seals, as follows: First, That William Hugg should pay unto Elizabeth Batt, (now Collins,) thirty-five dollars and four cents, in sixty days from the date of the award. Second, That Hugg should pay to her, thirteen dollars and eight cents yearly and every year, during her natural life, from and after the date of the award. Thirdly, That the -payment of such annuity should be satisfactorily secured by the said Hugg to the said Elizabeth; and Fourthly, That on receipt of that award, each party should execute and deliver to the other, a good and sufficient release of all claims &c. touching the premises, from the beginning of the world to the date of the Arbitration bonds.
In February, 1840, Elizabeth Collins sued Hugg in a court for the trial of small causes, for thirty dollars, which by her state of demand she claimed as due to her for two of the said'annuities, so as aforesaid, awarded to her. On the trial, the arbitration bond and award were offered in evidence and objected to, but the objection was overruled and they were received in evi *295 dence, and judgment given for the plaintiff for thirty dollars, with costs.
Prom that judgment, Hugg appealed, and on the trial of the appeal, his counsel objected, that Elizabeth Collins had not proved that any release had been executed or tendered by her to Hugg, as by the award she was bound to do. The Common Pleas overruled this objection; reversed the judgment below and gave a new judgment for the plaintiff for twenty-eight dollars and seventy-two cents debt, with costs &c.
The mere statement of this ease is sufficient to show, that the judgment of the Common Pleas, as well as that of the Justice was erroneous, and that both must be reversed. By the very terms of the award, which was given in evidence by the plaintiff below, each party was to release the other of and from all claims &c. existing between them touching the matters submitted, at. the date of the submission. Neither party, therefore, could maintain any action against the other, either on the arbitration bond, or on the award, without first delivering or tendering to the other, such a release as the award directed. Whereas, the plaintiff neither averred in her state of demand, nor offered to prove on the trial, that she had delivered or tendered to the defendant, any such release. Before commencing this action, she ought to have tendered to Hugg, a release as directed by the award, and demanded from him a similar release, and satisfactory security for the payment of the annuity awarded; and upon his neglect or refusal to comply with such requests, she might have sued him successfully on the arbitration bond, or on the award. As it is, the judgment below must be reversed.

Judgment reversed.